**Owen W. CRUMPACKER, Plaintiff,**

v.

**Chet FARRELL, et al., Defendant.**

**No. H 79–0108.**

United States District Court,
N. D. Indiana,
Hammond Division.

July 7, 1981.

Owen Crumpacker, Hammond, Ind., in pro. per.

Kenneth D. Reed, Harold Abrahamson, Hammond, Ind., Gregory S. Reising, Clorius L. Lay, Hamilton L. Carmouche, Gary, Ind., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge: *

Plaintiff filed this action seeking damages under federal and state law for false arrest and imprisonment, assault and battery, and unlawful entry. By Memorandum Opinions and Orders dated April 22, and April 24, 1981, 516 F.Supp. 276, this Court granted summary judgment in favor of defendants Abrahamson, Reid, Reising, Kushner, and the Gersacks on plaintiff's federal claims, finding that these claims were based on matters that had been resolved against plaintiff in previous litigation. In its discretion, the Court dismissed without prejudice plaintiff's pendent state law claims. The Court also asked the remaining defendants—Delaney, Farrell, Melten, Ramuscak, and Spikes—to move for summary judgment in light of the reasoning in these opinions. These defendants have so moved, and plaintiff has filed an opposing memorandum of 66 pages, with hundreds of additional pages of exhibits and affidavits.

In his opposing memorandum, plaintiff reiterates at length the basic premise of his complaint: that the orders issued by Judge Smith on March 24 and April 29, 1975, were void and, therefore, that the attempts by defendants to enforce those orders were unlawful.[1] As the Court has noted, however, plaintiff already has availed himself of other avenues for review of Judge Smith's orders. See Crumpacker v. Farrell, 516 F.Supp. 276, at 279 (N.D.Ind.1981). To allow him now to attack collaterally the rulings which he already has attacked directly and by petitions for writ of habeas corpus would ignore the important values underlying issue preclusion. Cf. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, §§ 3522 at 55, and 3536 at 332–333. The propriety of the orders issued by Judge Smith, as well as those orders issued in an attempt to enforce those rulings, cannot be challenged in this forum. Thus, plaintiff's complaint against the moving defendants—that they conspired to enforce those allegedly void orders—is without basis.[2]

---

\* On August 12, 1980, Owen W. Crumpacker, a plaintiff herein, and his wife, Eleanor Mary, named as defendants in a civil rights suit the judges of the United States District Court for the Northern District of Indiana. Crumpacker v. Civiletti, Hammond Civil No. H 80–451 (N.D. Indiana). As a result, the Honorable Phil M. McNagny, Jr., who originally presided over this action, as well as the other judges in this district, have recused themselves pursuant to 28 U.S.C. § 455 from all litigation involving Owen and Eleanor Crumpacker. On September 16, 1980, the Honorable Thomas E. Fairchild, Chief Judge for the United States Court of Appeals for the Seventh Circuit, designated this Court pursuant to 28 U.S.C. § 292(b) as a special district court for the Northern District of Indiana for the purpose of presiding over this and other cases involving Owen and Eleanor Crumpacker.

1. Plaintiff in paragraph 10 also states that the defendant sheriffs acted without a warrant. In the same paragraph, however, he states that the defendants possessed copies of Judge Moody's order of October 20, 1978, authorizing the enforcement of Judge Smith's contempt citation, i. e., authorizing the arrest of plaintiff. Thus, it is clear that plaintiff's complaint as a whole is based on the attempt to enforce the allegedly void orders issued by Judge Smith, and not upon the particular conduct of the sheriffs in executing those orders. The sheriffs' conduct in this respect is at issue in other litigation before this Court. Crumpacker v. Farrell, Hammond No. 79–102 (N.D.Ind.); Crumpacker v. Farrell, Hammond No. 79–86 (N.D.Ind.).

2. The Court notes that defendant Delaney earlier filed a motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6), which was denied by Judge McNagny on March 7, 1980. The Court's ruling today, which is premised on the doctrine of issue preclusion, is in no way inconsistent with Judge McNagny's earlier ruling.

Accordingly, the defendants' motions for summary judgment are granted. It is so ordered.